IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-468-CMC |
| | ) | CRIMINAL NO. 3:07-1162-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jesus Perez-Laguna, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for "clarification." ECF No. 65 (in DSC Cr. No. 07-1162). Defendant contends that he was unaware that "he had [another] case number. [Defendant] was sentence[d] under case number 3:07-1162-CMC(01) and as part of the plea agreement, no restitution was ordered at the time of sentencing nor [did] the court [make] any finding if [sic] [Defendant] had the means to pay restitution." Mot. at 1.

The record of these cases belies Defendant's assertion. Defendant has made several filings in both cases, citing either case number, and restitution was indeed ordered at sentencing. Defendant's ability to pay restitution has no bearing upon the court's determination, under the Mandatory Victims Restitution Act, that restitution is due and owing. *See* 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.").

Defendant's frivolous motion is **denied** in both cases (CR 3:07-468 & 07-1162).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 24, 2013